IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01953-REB-KMT

STACEY W. BRACKENS,

    Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**
_____

**KATHLEEN M. TAFOYA**
**United States Magistrate Judge**

    This matter is before the court pursuant to an Order of Reference to the United States Magistrate Judge issued by District Judge Robert E. Blackburn on January 22, 2008 [Doc. No. 34].

    **Procedural History**

    This Title VII Complaint was filed on September 17, 2007. On November 2, 2008, Defendants' filed a Motion to dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. No. 12] which Magistrate Judge Watanabe recommended be granted with one exception on December 10, 2008. ("Recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint" [Doc. No. 23]). Magistrate Judge Watanabe noted that

Defendants did not address the claim of negligence against Sedgwick Claims Management Services ("Sedgwick") in the motion, and therefore did not recommend dismissal of that claim. Upon review, the District Court adopted the recommendation of the Magistrate Judge, thus leaving one negligence claim outstanding against Sedgwick only. [Doc. No. 24]. The District Court awarded Domino's Pizza LLC ("Domino's") its costs to be taxed by the Clerk of the Court, and Domino's filed its Bill of Costs in the amount of $2,490.02. [Doc. No. 27, Exhibit A].

Plaintiff filed a Notice of Appeal concerning the dismissed claims on January 15, 2008, United States Court of Appeals Case No. 80-1015. [Doc. Nos. 28 and 31]. Briefing on the merits of the appeal was tolled on January 22, 2008 because the district court's January 3, 2008 order did not constitute a final or immediately appealable decision pursuant to 28 U.S.C. § 1291. [Doc. No. 35].

Defendants filed their "Motion to Enforce Settlement Agreement" at issue in this Recommendation, on January 22, 2008. ("Mot." [Doc. No. 32]). Sedgwick and Domino's[1] have filed a "Motion to Stay" proceedings pending the resolution of the Motion. ("Stay" [Doc. No. 36, filed January 22, 2008]). Plaintiff has filed his "Plaintiff's Response, to Defendant's Motion to Enforce" ("Resp." [Doc. No. 38, filed January 24, 2008]) and Defendants have filed "Reply in Support of Motion to Enforce Settlement Agreement" ("Reply" [Doc. No. 42, filed January 31, 2008]).

**Facts**

---

[1] Although dismissed as a party by Judge Blackburn, Domino's still has an interest in this part of the litigation because of the award of costs and that award's part in the alleged settlement.

The parties do not dispute the essential underlying facts giving rise as set forth in the Defendants' Motion. (Mot. § B). On January 11, 2008, Stacey Brackens and counsel for Defendants, Colin L. Barnacle, engaged in a telephone discussion. Mr. Barnacle offered to Brackens, as settlement for dismissal of the case with no appeal, the "deal" that Domino's would give up it's right to collect the costs which had been assessed against Brackens ($2, 490.02) if Brackens would agree not to file a Notice of Appeal on the order and would dismiss all the remaining counts including the negligence claim against Sedgwick. (Mot., Exh. 1, Barnacle Declaration, ¶ 5). Brackens admits this was the agreement the two had for settlement of the case, stating in his Response, "Defense did make a settlement offer to wave cost if plaintiff dropped his Appeal and did not seek any cases against Sedgwick Claims, Plaintiff did agree . . ." (Resp. at P.2). Before ending the telephone call, Mr. Barnacle told Mr. Brackens that he would send him a Settlement Agreement and General Release which would contain the terms of their agreement. (Mot., Exh. 1, ¶ 7)

Plaintiff states, however, "Plaintiff did agree but after getting off the phone he thought bought it and change his mine, this was on a Friday evening. First thing on Monday morning Plaintiff call the defense back to inform him of his change of mine . . ." and thereafter filed his Notice of Appeal.

**Legal Standard**

No evidentiary hearing is necessary in this matter because the material facts concerning the terms of the settlement agreement are undisputed. *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). Here there is no disagreement about the activities took place or the terms of the agreement, but rather whether those actions created a contract and whether that contract should be enforced. *Yaekle v. Andrews,* 169 P.3d 196, 200 (Colo. App. 2007).

Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004); *Evans-Carmichael v. United States,* 2007 WL 2827693, *5 (10th Cir. (N.M.) 2007). Pursuant to Colorado Law, oral settlement agreements are enforceable. *South Carolina Insurance Company v. Fisher,* 698 P.2d 1369, 1372 (Colo. App. 1984); *DiFrancesco v. Particle Interconnect Corp,.* 39 P.3d 1243, 1248 (Colo. App. 2001); *Bell v. Nugent,* 955 P.2d 584, 589 (Colo. App. 1997)( "A contract may be evidenced by showing that counsel had the authority to extend an offer and that the other party accepted it.") A writing is not necessary to create a binding settlement agreement. *Id.*

A settlement and compromise is a contract to end judicial proceedings, and accordingly, for it to be binding and enforceable, there must be a "meeting of the minds" as to its terms and conditions. *H. W. Houston Construction Co. v. District Court,* 632 P.2d 563, 565 (Colo. 1981). The Tenth Circuit has stated, "We construe a settlement stipulation in the same manner as a contract to determine how it should be enforced." *Republic Resources Corp. v. ISI Petroleum West Caddo Drilling Program 1981,* 836 F.2d 462, 465 (10th Cir. 1987).

The fact that Mr. Barnacle had agreed to prepare settlement documents for filing with the court likewise does not alter the binding nature of an oral contract when the parties have had a meeting of the minds. *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P. 2d 882, 888 (Colo. 1986). Mr. Barnacle "stated to Plaintiff that Jackson Lewis would send a Settlement Agreement and General Release manifesting the settlement terms in writing, and include a Joint Stipulation of dismissal of the case in its entirety for him to sign." (Mot., Exh. 1, Barnacle Declaration, ¶ 7). It was not part of the agreement that the terms the parties had agreed upon were "subject to" preparation of a written document. *See Burgess Constr. Co. v. M. Morrin & Son Co.,* 526 F.2d 108, 113 (10th Cir. 1975)("The words 'subject to' usually indicate a condition to one party's duty of performance and not a promise by the other."); *DiFrancesco v. Particle Interconnect Corp.* 39 P.3d at 1248.

The Plaintiff does not argue there were any terms of the agreement which were still open to discussion or negotiation. Mr. Brackens candidly admits he knew the terms of the settlement, agreed to them, but later chose to renege because the consideration he was getting for the settlement - release from the debt of costs awarded by the court - "would only be an impossible debt hanging over Plaintiff's head." (Resp. at P2). Brackens admits that after thinking about the settlement he'd agreed to, he later decided, "I choose not to go with that deal which left me with nothing" because he would "rather a debt hang over my head that I can't pay, than to walk away in shame." (Resp. at P3). However, "later dissatisfaction with the terms of a stipulated compromise agreement is not sufficient grounds to set it aside. *Royal v. Colorado State Personnel Board,* 690 P.2d 253, 255 (Colo. App.1984); *Recreational Development Co. of America v.*

5

*American Const. Co.,* 749 P.2d 1002, 1005 (Colo. App. 1987). Changing one's mind about a contract, as Plaintiff admits he did, is not grounds to avoid the ramifications of an enforceable contract. As stated in *Woods v. Denver Dep't. of Revenue, Treasury Div.*, 45 F.3d 377, 378 (10th Cir.1995), "a party who knowingly and voluntarily authorizes the settlement of her claims cannot avoid the terms of the settlement simply because she changes her mind."

In this case it is completely undisputed that the parties agreed on the terms of a settlement agreement wherein Mr. Brackens would not have to pay the costs assessed against him of over $2,400.00 if he would agree to dismiss the one remaining count he had left against Sedgwick and forgo filing a notice of appeal on the other claims previously dismissed. There were no terms left for the parties to negotiate to have a complete meeting of the minds and complete agreement. When the terms of a contract are not ambiguous, courts "give them legal effect according to their plain, ordinary and popular meaning." *Republic Resources Corp*, 836 F.2d at 465; *Resort Car Rental Sys., Inc. v. Chuck Ruwart Chevrolet, Inc.,* 519 F.2d 317, 320 (10th Cir. 1975). The sole problem arose when Mr. Brackens had "buyer's remorse" about the deal he had struck and sought to change his mind several days later.

Courts have indicated a strong policy favoring dispute resolution rather than continued litigation. So long as "the terms of the settlement agreement [are] clear, unambiguous, and capable of enforcement" and the parties have had a meeting of the minds, resolution of claims by settlement is preferred. *Denver v. Adolph Coors Co.,* 813 F. Supp. 1476, 1479 (D. Colo. 1993); *United Mine Workers of America District No. 5 v. Consolidation Coal Co.,* 666 F.2d 806, 810 (10th Cir. 1981).

6

WHEREFORE, for the foregoing reasons, it is hereby

RECOMMENDED that the Defendants' Motion to Enforce Settlement Agreement [Doc. No. 32] be GRANTED.

It is further RECOMMENDED that the remaining claim(s) in the case be dismissed with prejudice.

It is further RECOMMENDED that the Plaintiff be ORDERED to withdraw his Notice of Appeal and dismiss the action filed in the Tenth Circuit Court of Appeals.

**NOTICE: Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate**

judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins, Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
United States Magistrate Judge